## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

VONZELL BYRD,

**Plaintiff,**

v.                                          CASE NO. 19-3188-SAC

SHAWNEE COUNTY JAIL,

**Defendant.**

## MEMORANDUM AND ORDER
## TO SHOW CAUSE

Plaintiff Vonzell Byrd, a prisoner currently being held at the Hutchinson Correctional Facility in Hutchinson, Kansas, brings this *pro se* civil rights action under 42 U.S.C § 1983. He proceeds *in forma pauperis*. For the reasons discussed below, Plaintiff is ordered to show cause why his complaint should not be dismissed.

### I. Nature of the Matter before the Court

Mr. Byrd's complaint (ECF No. 1) describes an incident which occurred on June 16, 2019, while he was being held at the Shawnee County Jail in Topeka, Kansas. He alleges he slipped in a puddle of water and injured himself. Mr. Byrd states he was taken to the hospital and has been treated for chronic pain ever since. He further states he is concerned the injury will keep him from being employable in the future. Plaintiff names as defendant the Shawnee County Jail and seeks payment of his medical bills and damages of $5,000.

## II.  Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1)–(2).

A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  In addition, the court accepts all well-pleaded allegations in the complaint as true.  *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006).  On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action."  *Twombly*, 550 U.S. at 555 (citations omitted).  The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face."  *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff

believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III. Discussion

After reviewing Plaintiff's complaint with the standards set out above in mind, the Court finds that the complaint is subject to summary dismissal under 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2) for the following reasons.

### A. Failure to Name a Proper Defendant

Mr. Byrd brings his complaint under 42 U.S.C. § 1983 and names one defendant: the Shawnee County Jail. "To state a claim under section 1983, a plaintiff must allege the violation

of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48–49 (1988) (citations omitted).

The Shawnee County Jail is not a proper defendant in a § 1983 action because it is not an entity that can sue or be sued and thus not a "person" for purposes of establishing liability under § 1983.  *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 64 (1989)), and *Davis v. Bruce*, 215 F.R.D. 612, 618 (D. Kan. 2003), *aff'd in relevant part*, 129 F. App'x 406, 408 (10th Cir. 2005).

### B.  Failure to State a Claim under § 1983

More importantly, the complaint fails to state a constitutional claim.  Plaintiff does not identify the specific constitutional right he claims was infringed by his accident, but claims based on the conditions of confinement are generally raised under the Eighth Amendment.

The Eighth Amendment requires prison and jail officials to provide humane conditions of confinement guided by "contemporary standards of decency."  *Estelle v. Gamble*, 429 U.S. 97, 103 (1976).  The Supreme Court has acknowledged that the Constitution "'does not mandate comfortable prisons,' and only those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation."  *Wilson v. Seiter*, 501 U.S. 294, 298 (1991).  Indeed, prison conditions may be "restrictive and even harsh." *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981).  "Under the Eighth Amendment, (prison) officials must provide humane conditions of confinement by ensuring inmates receive the basic necessities of adequate food, clothing, shelter, and medical care and by taking reasonable measures to guarantee the inmates' safety."  *McBride v. Deer*, 240 F.3d 1287, 1291 (10th Cir. 2001); *Barney v. Pulsipher*, 143 F.3d 1299, 1310 (10th Cir. 1998); *Shannon v. Graves*, 257 F.3d 1164, 1168 (10th Cir. 2001).

In order to state a claim of cruel and unusual punishment under the Eighth Amendment, the plaintiff has to establish "deliberate indifference."  The deliberate indifference standard includes both an objective and subjective component.  *Martinez v. Garden*, 430 F.3d 1302, 1304 (10th Cir.2005).  To satisfy the objective component, a prisoner must allege facts showing he or she is "incarcerated under conditions posing a substantial risk of serious harm."  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Martinez*, 430 F.3d at 1304.  The objective component is met only if the condition complained of is "sufficiently serious."  *Farmer*, 511 U.S. at 832.

With regard to the subjective component, the plaintiff must prove that the defendant acted with a culpable state of mind.  *Farmer*, 511 U.S. at 834, 837 ("[A] prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it."); *McBride*, 240 F.3d at 1291; *Despain v. Uphoff*, 264 F.3d 965, 975 (10th Cir. 2001)(Deliberate indifference "requires both knowledge and disregard of possible risks.").  It is not enough to establish that the official should have known of the risk of harm.  *Farmer*, 511 U.S. at 837–38; *Barney*, 143 F.3d at 1310.

What Mr. Byrd alleges, at the most, makes out a claim for negligence.  He states he slipped in a puddle of water, which presumably he believes should not have been there.  He does not appear to raise any complaint about the medical care he received for his injuries.

Allegations of a slip and fall are simply insufficient to state claim under the Eighth Amendment.  *See Reynolds v. Powell*, 370 F.3d 1028, 1031 (10th Cir. 2004) ("Simply put, "[a] 'slip and fall,' without more, does not amount to cruel and unusual punishment. . . .").  Claims under § 1983 may not be predicated on mere negligence.  *See Daniels v. Williams*, 474 U.S. 327, 330 (1986)(holding that inmate who slipped on a pillow negligently left on a stairway by sheriff's

deputy failed to allege a constitutional violation); *see also Medina v. City and County of Denver*, 960 F.2d 1493, 1500 (10th Cir. 1992)("negligence and gross negligence do not give rise to section 1983 liability").  Where a government official is merely negligent in causing an injury, no procedure for compensation is constitutionally required.  *Davidson v. Cannon*, 474 U.S. 344, 347 (1986), *citing Daniels*, 474 U.S. at 333.

Plaintiff's complaint is subject to dismissal under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii) because the complaint fails to state a claim upon which relief may be granted.

### C.  Failure to Exhaust Administrative Remedies

The Prison Reform Litigation Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title ... until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  The prisoner must exhaust all administrative remedies available even if administrative procedures "would appear to be futile at providing the kind of remedy sought." *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002).

Based on the allegations in Plaintiff's complaint, he has not exhausted his administrative remedies because he did not file a grievance related to the accident.  As a result, Plaintiff's claim is premature and should be dismissed.

## IV. Response Required

For the reasons stated herein, it appears that Plaintiff's complaint is subject to dismissal under 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B).  Plaintiff is therefore required to show good cause why his complaint should not be dismissed.  Plaintiff is warned that his failure to file a timely response may result in the complaint being dismissed for the reasons stated herein without further notice.

**IT IS THEREFORE ORDERED** that Plaintiff is granted to and including **July 27, 2020**, in which to show good cause, in writing, why his complaint should not be dismissed for the reasons stated herein.

**IT IS SO ORDERED.**

**DATED:  This 26th day of June, 2020, at Topeka, Kansas.**

s/  Sam A. Crow
**SAM A. CROW**
**U.S. Senior District Judge**