**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**VONZELL BYRD,**

                    **Plaintiff,**

          **v.**                                      **CASE NO. 19-3188-SAC**

**SHAWNEE COUNTY JAIL,**

                    **Defendant.**

**MEMORANDUM AND ORDER**

This matter is a civil rights action.  By order dated June 26, 2020, the Court directed Plaintiff to show cause why his Complaint should not be dismissed for failure to state a claim upon which relief may be granted, for failure to name a proper defendant, and for failure to exhaust his administrative remedies.  *See* Memorandum and Order to Show Cause (MOSC), ECF No. 6. Before the Court is an Amended Complaint (ECF No. 7) filed by Plaintiff.

Mr. Byrd's Amended Complaint (ECF No. 7) does a much better job of describing the incident where he fell and suffered injury.  Plaintiff was working as a porter serving meals to the inmates in Living Unit L on June 16, 2019 at the Shawnee County Jail in Topeka, Kansas. Corrections Officer Mathius was in a hurry to get the meals served because it was close to shift change.  She repeatedly told Plaintiff to hurry up.  Plaintiff noticed a puddle of water coming from under one of the cell doors.  He informed Mathius of the water, but she merely yelled at him to serve the trays.  While attempting to step over the water, Plaintiff slipped and was injured.  Mr. Byrd states he was taken to the hospital and has been treated for chronic pain ever since.  He further

1

states he is concerned the injury will keep him from being employable in the future.  Plaintiff now names as defendant CO Mathius rather than the Shawnee County Jail.

The same screening standards that were described in the MOSC also apply to an amended complaint.  After reviewing Plaintiff's Amended Complaint with those standards in mind, the Court finds that the Amended Complaint is subject to summary dismissal under 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2).

The Eighth Amendment requires prison and jail officials to provide humane conditions of confinement guided by "contemporary standards of decency."  *Estelle v. Gamble*, 429 U.S. 97, 103 (1976).  The Supreme Court has acknowledged that the Constitution "'does not mandate comfortable prisons,' and only those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation."  *Wilson v. Seiter*, 501 U.S. 294, 298 (1991).  Indeed, prison conditions may be "restrictive and even harsh."  *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981).  "Under the Eighth Amendment, (prison) officials must provide humane conditions of confinement by ensuring inmates receive the basic necessities of adequate food, clothing, shelter, and medical care and by taking reasonable measures to guarantee the inmates' safety."  *McBride v. Deer*, 240 F.3d 1287, 1291 (10th Cir. 2001); *Barney v. Pulsipher*, 143 F.3d 1299, 1310 (10th Cir. 1998); *Shannon v. Graves*, 257 F.3d 1164, 1168 (10th Cir. 2001).

In order to state a claim of cruel and unusual punishment under the Eighth Amendment, the plaintiff has to establish "deliberate indifference."  The deliberate indifference standard includes both an objective and subjective component.  *Martinez v. Garden*, 430 F.3d 1302, 1304 (10th Cir.2005).  To satisfy the objective component, a prisoner must allege facts showing he or she is "incarcerated under conditions posing a substantial risk of serious harm."  *Farmer v.*

*Brennan*, 511 U.S. 825, 834 (1994); *Martinez*, 430 F.3d at 1304.  The objective component is met only if the condition complained of is "sufficiently serious."  *Farmer*, 511 U.S. at 832.

With regard to the subjective component, the plaintiff must prove that the defendant acted with a culpable state of mind.  *Farmer*, 511 U.S. at 834, 837 ("[A] prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it."); *McBride*, 240 F.3d at 1291; *Despain v. Uphoff*, 264 F.3d 965, 975 (10th Cir. 2001)(Deliberate indifference "requires both knowledge and disregard of possible risks.").  It is not enough to establish that the official should have known of the risk of harm.  *Farmer*, 511 U.S. at 837–38; *Barney*, 143 F.3d at 1310.

While Mr. Byrd's amended allegations come closer to stating an Eighth Amendment claim, they still fail to assert a violation of a constitutional magnitude.  The condition complained of, water on the floor, is not one that typically would pose a substantial risk of serious harm. Allegations of a slip and fall are simply insufficient to state claim under the Eighth Amendment. *See Reynolds v. Powell*, 370 F.3d 1028, 1031 (10th Cir. 2004) ("Simply put, "[a] 'slip and fall,' without more, does not amount to cruel and unusual punishment. . . .").  Claims under § 1983 may not be predicated on mere negligence.  *See Daniels v. Williams*, 474 U.S. 327, 330 (1986)(holding that inmate who slipped on a pillow negligently left on a stairway by sheriff's deputy failed to allege a constitutional violation); *see also Medina v. City and County of Denver*, 960 F.2d 1493, 1500 (10th Cir. 1992)("negligence and gross negligence do not give rise to section 1983 liability"). Where a government official is merely negligent in causing an injury, no procedure for compensation is constitutionally required.  *Davidson v. Cannon*, 474 U.S. 344, 347 (1986), *citing Daniels*, 474 U.S. at 333.

Plaintiff's Amended Complaint is subject to dismissal under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii) because the complaint fails to state a claim upon which relief may be granted.

In addition, the MOSC noted that the Complaint did not indicate that Plaintiff had exhausted his administrative remedies.  The Amended Complaint does not address the question of exhaustion.

The Amended Complaint fails to cure the deficiencies with the original Complaint identified by the Court in the MOSC.

**IT IS THEREFORE ORDERED** that that Plaintiff's Amended Complaint is dismissed for failure to state a claim upon which relief may be granted.

**IT IS SO ORDERED.**

**DATED:  This 31st day of March, 2021, at Topeka, Kansas.**


**s/  Sam A. Crow**
**SAM A. CROW**
**U.S. Senior District Judge**